IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA ex rel.)
RONALD McCLAIN #K-80999,        )
                                )
            Petitioner,         )
                                )
    v.                          )    No.  12 C 2274
                                )
ACTING WARDEN GLEN AUSTIN,      )
                                )
            Respondent.         )
```

MEMORANDUM OPINION AND ORDER

This Court has had assigned to its calendar the newly-filed 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") in which petitioner Ronald McClain ("McClain") seeks to attack his January 31, 2003 state court conviction on a charge of aggravated arson, on which he is serving a 12 year sentence. As called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), this Court has promptly reviewed the Petition--a review that quite understandably, given the age of McClain's conviction, has focused in the first instance on the issue of the Petition's timeliness. This memorandum opinion and order explains why untimeliness in fact calls for the dismissal of the Petition out of hand.

First, however, something should be said about McClain's In Forma Pauperis Application ("Application"), which he has prepared

---

[1] Further citations to provisions of Title 28 will simply take the form "Section --".

on the form provided by this District Court's Clerk's Office for use by plaintiffs seeking to be excused from payment of the filing fee. It seems clear that McClain (like many persons who seek federal habeas relief) is unaware that the filing fee required in such cases is only $5, rather than the $350 filing fee that attaches to most federal lawsuits. Although the printout of McClain's trust fund account at Jacksonville Correctional Center, where he is serving his sentence, shows virtually no balance as of the time it was prepared, the printout also reflects McClain's monthly receipt of a modest payroll sum as well as substantial periodic deposits to his account from someone named Donna Harris. Under those circumstances the Application is denied, and McClain is ordered to pay the $5 filing fee on or before April 30, 2012.

As for the Petition itself, it sets out numerous relevant dates, including these:

> 1. Direct review of McClain's conviction carried through to the May 25, 2005 date when the Illinois Supreme Court denied his petition for leave to appeal from the adverse ruling of the Illinois Appellate Court for the Third District (Petition Pt. I ¶4). For purposes of determining timeliness, another 90 days are added to that date to reflect the period permissible for seeking a writ of certiorari before the United States Supreme Court, even

though McClain did not in fact do so. That makes August 23, 2005 the relevant date.

2. On January 13, 2005 McClain filed his first petition for state post-conviction relief (Petition Pt. II ¶1.B). That effort came to an end with the Illinois Supreme Court's September 27, 2006 denial of McClain's petition for leave to appeal from the May 24, 2006 adverse ruling of the Illinois Appellate Court.[2]

3. Although McClain then sought to file a second petition for post-conviction relief in the state court system, he did not do so until April 27, 2007 (Petition Pt. II(2d) ¶1.B). Most importantly (as will be explained later), McClain has failed to disclose a critical fact as to that putative second petition. In the Appellate Court's December 19, 2011 order dealing with the appeal from McClain's third petition for post-conviction relief

---

[2] Petition Pt. II ¶1.H mistakenly lists June 10, 2005 as the date of the Appellate Court's affirmance of the lower court's dismissal of McClain's first post-conviction petition, while Petition Pt. II ¶1.I leaves the date of the Illinois Supreme Court's denial blank. This Court's able law clerk researched those matters and located the tabular listing of each disposition (365 Ill.App.3d 1119, 927 N.E.2d 341 as to the Appellate Court and 221 Ill.2d 659, 857 N.E.2d 679 as to the Supreme Court), then tracked down the court orders themselves. Although the ensuing textual analysis here shows that those dates have no bearing on the outcome, they do explain what would otherwise (if McClain had been correct) reflect an extraordinarily lengthy gap between the Appellate Court's decision and the Supreme Court's denial of leave to appeal.

hereafter referred to in paragraph 4 (Appeal No. 3-09-0989), that court explained that the trial court had <u>denied</u> McClain leave to file the second petition at all (more on this subject later).

4. Unlike the just-described disposition of McClain's aborted second petition for post-conviction relief in the state court system, his third such effort--which was not filed until December 12, 2008 (Petition Pt. II(3d) ¶1.B)--<u>was</u> allowed to be filed. It was not finally resolved until December 19, 2011 (Petition Pt. II(3d) ¶1.H), so that if McClain's erroneously-stated timetable had been correct (as it was not), that late 2011 date could have marked the commencement of the one-year limitations clock prescribed by Section 2244(d)(1) and McClain would then have been home free from the perspective of limitations.

But that "if" scenario is simply not the case, and any misunderstanding that McClain may have on that score is fatal. In that respect Section 2254(d)(1)(A) provides in relevant part for a one-year limitation period that begins on "the date on which the judgment became final by the conclusion of direct review or the application of the time for seeking such review." As stated earlier, that starting date was 90 days after May 25, 2005, or August 23, 2005.

But then Section 2244(d)(2) provides a tolling period that is measured by "[t]he time during which a properly filed application for a State post-conviction or other collateral

4

review with respect to the pertinent judgment or claim is pending." And on that score McClain's only state court post-conviction petitions that qualify as "properly filed" and as having been "pending" at any time are the first petition (which, as already stated in paragraph 2, came to an end on September 27, 2006) and his third petition (which, as stated in paragraph 4, was filed on December 12, 2008). As for the second (and unsuccessful) attempt to seek post-conviction relief, our Court of Appeals' opinion in Martinez v. Jones, 556 F.3d 637 (7th Cir. 2009)(per curiam) is on all fours with this case--and that decision holds squarely that a successive petition (such as McClain's second effort) is not "properly filed" for purposes of Section 2244(d)(2) where no court permission has been granted to file that petition (id. at 639), nor is the time during which such permission is sought tolled for statute of limitations purposes (id.).

So the bottom line is that the entire period from September 27, 2006 (the disposition date of McClain's first state court petition) and December 12, 2008 (the filing date of his third petition) was a period during which no "properly filed" petition was "pending" and was therefore not tolled under Section 2244(d)(2). And that being true, the one-year limitation period under Section 2244(d)(1) had long since run out when McClain tried to pursue that route for a third time.

Accordingly "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

5

in the district court" (the language of Section 2254 Rule 4), and the same Rule 4 then specifies that "the Judge must dismiss the petition and direct the clerk to notify the petitioner."  This Court so rules--the Petition is dismissed.

Milton I. Shadur
Senior United States District Judge

Date:  April 2, 2012