IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
RONALD McCLAIN #K-80999,            )
                                    )
            Petitioner,             )
                                    )
     v.                             )   No.  12 C 2274
                                    )
ACTING WARDEN GLEN AUSTIN,          )
                                    )
            Respondent.             )

STATEMENT AS TO CERTIFICATE OF APPEALABILITY

This Court's April 2, 2012 memorandum opinion and order ("Opinion") dismissed the 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") that had been filed by pro se petitioner Ronald McClain ("McClain") to attack his January 31, 2003 state court conviction on a charge of aggravated arson, on which he is serving a 12 year sentence. That dismissal, based on the preliminary review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, was predicated on the Petition's patent untimeliness.

Now McClain seeks to appeal that dismissal order and has moved for the issuance of a certificate of appealability ("COA"). This statement explains why in this Court's view such a certificate should not issue.

As the Opinion reflects, the untimeliness of the Petition resulted from the Illinois courts' unequivocal denial of

---

[1] Further citations to provisions of Title 28 will simply take the form "Section --".

McClain's effort to file a second petition for post-conviction relief in the state court system. Because that denial created more than a one-year gap during which no such post-conviction proceeding was "pending" to toll the one-year limitations clock established by Section 2244(d)(1), the current federal Petition was plainly out of time (see Martinez v. Jones, 556 F.3d 637, 639 (7th Cir. 2009)(per curiam)).

    Because Section 2244(d)(2) is unambiguous in that respect, this Court sees no predicate for equitable tolling, and it is accordingly of the view that no certificate of appealability should issue. McClain is of course free to present the same question to the Court of Appeals.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  May 3, 2012