# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. ) <br> **RONALD McCLAIN #K-80999**, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **ACTING WARDEN GLEN AUSTIN**, ) <br> ) <br> Respondent. ) | USCA No. 12-2311 <br> (USDC No. 12 C 2274) |

## MEMORANDUM ORDER

Ronald McClain ("McClain") has filed a notice of appeal from this Court's April 2, 2012 dismissal of his 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition"). To supplement McClain's application to the Court of Appeals for a certificate of appealability (a "COA," which this Court had rejected in a May 3 order), he has tendered an application for leave to appeal in forma pauperis ("IFP"), coupled with a printout of transactions in his trust fund account at Jacksonville Correctional Center, where he is serving his sentence.

Although the last-mentioned document was lodged with the Court of Appeals, a copy has now been delivered to this Court's chambers together with the belated delivery of the Court of Appeals' June 27 order that calls on this District Court to rule in the first instance on McClain's motion for leave to appeal in forma pauperis. This Court will of course comply with that directive, but it believes it would be delinquent if it failed to raise a puzzling aspect of that requirement where prisoner litigation is involved.

---

[1] Further citations to provisions of Title 28 will simply take the form "Section --".

In nonprisoner cases, our Court of Appeals has established the sensible doctrine that in forma pauperis status requires a plaintiff to show not only financial inability to pay the filing fees but also the advancement of a nonfrivolous claim (see, e.g., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)). That doctrine finds its counterpart in Section 1915(a)(3):

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.[2]

But as to prisoner litigation, Section 1915(b)(1) establishes a quite different rule that begins "[n]otwithstanding subsection (a)." And in place of the subsection (a) provisions, subsection (b)(1) continues:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.

Those provisions certainly read as though Congress' total amendment of Section 1915, the in forma pauperis statute, to deal specially with (and frankly to discourage) prisoner litigation created an absolute obligation to pay the full filing fee whenever an action or appeal has been launched by a prisoner, with the only alternatives being full payment up front or full payment in future installments. And that language also certainly reads as though the determination of which of the two alternatives applies precedes consideration of the prisoner's substantive claim (for example, by determining whether a COA should be issued).

In this instance this Court has already stated its view that no COA is warranted (an issue that can of course be re-tendered to the Court of Appeals for its consideration). And that being so, there would seem to be no reason why the purely ministerial calculation called for by Section

---

[2] That same issue may, of course, then be tendered to the Court of Appeals for its consideration.

1915(b) could not readily be made by clerical personnel in the Court of Appeals rather than via a transfer of the matter to this District Court. It may be that the subject is worth a fresh look by the Court of Appeals in the prisoner litigation context.

That said, however, this Court has made the calculations required by Section 1915 regarding the payment in future installments of the appellate filing fees aggregating $455. McClain's printout reflects that during the five-month period from December 1, 2011 through the end of April 2012,[3] the average monthly deposits to the account (see Section 1915(b)(1)(A)) amounted to $283.42, 20% of which (see id.) comes to $56.68.

On that basis, in forma pauperis status is granted to the extent that the filing fees need not be paid in advance. McClain will have to pay the $455 in fees in installments, with the first payment on account being $56.68.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 17, 2012.

---

[3] For some reason the Jacksonville Correctional Center's trust fund statement began with the month of December 2011, instead of covering the full six-month period preceding the filing of the appeal as called for by Section 1915(a)(2). At the other end, although this Court does not have the specific date of McClain's launching of his appeal, it has looked to the April 25 date of his application to this Court for a certificate of appealability, rounding out the timeframe in McClain's favor by counting the entire month of April.